FILED
U.S. DISTRICT COURT
NEW ALBANY DIVISION

10 JUN -1 AM 11: 22

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CRYSTAL LYNN MORTON and ELIZABETH TRAPP, individually and on behalf of others similarly-situated, | ) ) ) ) ) | COMPLAINT – CLASS ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CAUSE NO. 4:10-cv-0053RLY-WGH |
| JACKSON COUNTY, JACKSON COUNTY SHERIFF'S DEPARTMENT, SHERIFF MARC LAHRMAN, in his individual and official capacities, and JAIL COMMANDER STAN DARLAGE, in his individual and official capacities, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiffs, Crystal Lynn Morton ("Morton") and Elizabeth Trapp ("Trapp"), individually and on behalf of others similarly-situated (hereinafter collectively referred to as "Plaintiffs," unless otherwise identified herein), bring this action against Defendants, Jackson County ("County"), Jackson County Sheriff's Department ("Department"), Sheriff Marc Lahrman ("Lahrman"), in his individual and official capacities, and Jail Commander Stan Darlage ("Darlage"), in his individual and official capacities (hereinafter collectively referred to as "Defendants," unless otherwise identified herein), pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated their rights as protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Morton and Trapp seek to bring a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and other similarly-

situated individuals.

## PARTIES

2. Morton has resided within the Southern District of Indiana at all relevant times.

3. Trapp has resided within the Southern District of Indiana at all relevant times.

4. The County and the Department have maintained offices and conducted business as governmental entities in the Southern District of Indiana.

5. Lahrman served as Sheriff of the County in 2008.

6. Darlage served as Jail Commander of the County's jail in 2008.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 1988.

8. The County, the Department, Lahrman, and Darlage are "person[s]" within the meaning of 42 U.S.C. § 1983.

9. Defendants, acting under color of state law and pursuant to a municipal policy, practice, and/or custom, violated the rights of Morton, Trapp, and other similarly-situated individuals as protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

10. Morton and Trapp bring this action pursuant to Rule 23 on behalf of themselves and other similarly-situated females who were inmates at the jail in July 2008.

11. Morton and Trapp estimate the total number of similarly-situated females to be 23 or more.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

13. Morton, Trapp, and other similarly-situated females were inmates at the County's jail on or about July 16, 2008.

14. On or about July 16, 2008, Defendants performed or authorized the performance of strip searches of Plaintiffs.

15. The strip searches were performed outside the cells of Plaintiffs.

16. The strip searches required Plaintiffs to remove all of their clothing.

17. Plaintiffs were ordered to squat, grab their ankles, and cough while being completely undressed.

18. The strip searches were performed within the view of male employees of the County and the Department.

19. The strip searches were performed within the view of male inmates.

20. The strip searches were performed within the view of female inmates.

21. The strip searches were performed in view of surveillance video cameras.

22. The strip searches were videotaped via video camera.

23. The strip searches were not reasonably related to any legitimate penological goal.

24. The strip searches were unreasonable.

25. The strip searches were maliciously motivated, unrelated to institutional security, and conducted with reckless indifference to Plaintiffs' rights.

26. The strip searches were conducted in a harassing manner intended to humiliate and inflict psychological pain.

27. The class is so numerous that joinder of all members is not practicable.

28. Morton and Trapp have raised questions of law and fact common to the class.

29. The claims of Morton and Trapp are typical of the claims of those similarly-situated females who make up the class.

30. As representative parties, Morton and Trapp will fairly and adequately protect the interests of the class of similarly-situated females.

31. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

32. A class action for purposes of Plaintiffs' claims is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

## VIOLATIONS OF THE FOURTH AMENDMENT

33. Plaintiffs hereby incorporate paragraphs 1-32 of their Complaint.

34. Defendants violated Plaintiffs' due process and privacy rights as protected by the Fourth Amendment to the United States Constitution when they conducted unreasonable strip searches in front of male employees and inmates and videotaped the strip searches.

35. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiffs' clearly established rights as protected by the Fourth Amendment.

## COUNT II

## VIOLATIONS OF THE EIGHTH AMENDMENT

36. Plaintiffs hereby incorporate paragraphs 1-35 of their Complaint.

37. Defendants violated Plaintiffs' rights as protected by the Eighth Amendment to the United States Constitution when they conducted unreasonable strip searches of them in front of male

employees and inmates and videotaped the strip searches.

38. The injuries caused by the strip searches were sufficiently serious to deprive Plaintiffs of the minimal civilized measure of life's necessities, including privacy.

39. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiffs' clearly established rights as protected by the Eighth Amendment.

## COUNT III

## VIOLATIONS OF THE FOURTEENTH AMENDMENT

40. Plaintiffs hereby incorporate paragraphs 1-39 of their Complaint.

41. Defendants violated Plaintiff's due process and privacy rights as protected by the Fourteenth Amendment to the United States Constitution when they conducted unreasonable strip searches in front of male employees and inmates and videotaped the strip searches.

42. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiffs' clearly established rights as protected by the Fourteenth Amendment.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Crystal Lynn Morton and Elizabeth Trapp, and other similarly-situated individuals, by counsel, respectfully request that this Court find for them and:

1. Manage and oversee the class action of similarly-situated females who do not wish to opt out of this action so as to ensure that the formation of the class is accomplished in an efficient and proper manner, including, but not limited to, ordering Defendants to produce a list of names and addresses of female inmates who were subjected to strip searches on July 16, 2008, and authorizing Morton and Trapp to send notices to the similarly-situated females to notify them of this action and of their rights;

2. Enter a declaratory judgment holding that Defendants' actions violated Plaintiffs' due process and privacy rights as protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution;

3. Order that Defendants pay compensatory damages to Plaintiffs;

4. Order that Lahrman and Darlage, in their individual capacities, pay punitive damages to Plaintiffs;

5. Order that Defendants pay pre- and post-judgment interest to Plaintiffs;

6. Order that Defendants pay Plaintiffs' attorneys' fees and costs incurred in litigating this action; and

7. Order that Defendants pay to Plaintiffs any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*/s/ John H. Haskin*

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Meghan U. Lehner, Attorney No. 25899-49

Attorneys for Plaintiffs

HASKIN & LaRUE, LLP
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:   jhaskin@hlllaw.com
　　　　 bwilson@hlllaw.com
　　　　 mlehner@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiffs, by counsel, respectfully request a jury trial for all issues deemed triable.

Respectfully submitted,

*[signature]*

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Meghan U. Lehner, Attorney No. 25899-49

Attorneys for Plaintiffs

HASKIN & LaRUE, LLP
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@hlllaw.com
bwilson@hlllaw.com
mlehner@hlllaw.com