UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ELIZABETH TRAPP, et. al., | ) CLASS ACTION |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO: 4:10-cv-0053-DML-RLY |
| | ) |
| JACKSON COUNTY, et. al. | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION FOR AN ORDER (1) PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT INCLUDING CLASS COUNSELS' FEES; (2) APPROVING THE FORM AND MANNER OF NOTICES TO THE CLASS MEMBERS OF THE PROPOSED SETTLEMENT; (3) SCHEDULING A FAIRNESS HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE STIPULATION OF SETTLEMENT; AND (4) FOR AN ORDER FINALLY APPROVING THE STIPULATION OF THE SETTLEMENT FOLLOWING THE FAIRNESS HEARING**

Plaintiff, Elizabeth Trapp ("Trapp"), on her own behalf and on behalf of all those similarly situated (collectively referred to as "Plaintiffs," unless otherwise stated herein), and Defendants, Jackson County, Jackson County Sheriff's Department, Sheriff Marc Lahrman, and Jail Commander Stan Darlage (collectively referred to as "Defendants," unless otherwise stated herein) (Plaintiffs and Defendants collectively, the "Parties"), by counsel, submit this joint motion for an order preliminarily approving the Stipulation of Settlement between Parties including the provisions contained therein concerning Class Counsel's fees and costs, approving the form and manner of Notice to the Class Members of the right to object to the proposed settlement, scheduling a fairness hearing for the consideration and final approval of the Stipulation of Settlement, and for a second order finally approving the Stipulation of Settlement following the fairness hearing. In support of this joint motion, the Parties respectfully submit the following:

1. Plaintiffs were inmates at the Jackson County Jail on July 16, 2008.

2. On July 16, 2008, Defendants performed strip searches of all female inmates at the Jackson County Jail. The strip searches were performed in the Day Room by four female Jail Officers, with a male Jail Officer standing at the door of the Day Room during the strip searches. As part of the strip searches, the Officers required Plaintiffs to remove all of their clothing. Plaintiffs were ordered to squat, grab their ankles, and cough while being completely undressed. Crystal Morton ("Morton"), Trapp, and other Plaintiffs filed grievances with Sheriff Lahrman and Jail Commander Darlage over the strip search incident.

3. In March and April 2010, Morton and Trapp, respectively, retained the law firm of John H. Haskin & Associates ("Class Counsel") to investigate the constitutionality of the strip searches and the possibility of filing a class action complaint regarding the strip searches. Class Counsel carefully investigated the facts and concluded that there were reasonable grounds for asserting that the strip searches violated the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. On June 1, 2010, Morton and Trapp filed the instant lawsuit against Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that the strip searches conducted by Defendants on July 16, 2008, violated their rights as protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

5. Defendants filed their "Answer, Affirmative Defenses, and Jury Trial Demand" on July 30, 2010, in which they denied Plaintiffs' allegations and asserted affirmative defenses.

6. On August 30, 2010, Plaintiffs served written discovery requests on Defendants. Defendants subsequently served their discovery responses on Plaintiffs.

7. On August 30, 2010, the Parties submitted a Case Management Plan, which was

approved by the Court on September 2, 2010.

8. On October 29, 2010, Plaintiffs moved for class certification, the appointment of John H. Haskin & Associates as Class Counsel, and the approval of the form and manner of class notice. Plaintiffs requested that the class include all female inmates who were strip searched at the Jackson County Jail on July 16, 2008. Plaintiffs sought class action status pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the following class: All female inmates strip searched at the Jackson County Jail on July 16, 2008.

9. On December 15, 2010, Defendants filed their response in opposition to Plaintiffs' class certification motion. On January 10, 2011, Plaintiffs filed their reply in support of their motion for class certification.

10. On July 27, 2011, the Court granted Plaintiffs' motion for class certification and certified the following class: All female inmates strip searched at the Jackson County Jail on July 16, 2008. The Court ordered Defendants to file any objection to Plaintiffs' proposed class action notice and Plaintiffs to file the proposed terms for attorneys' fees and nontaxable costs within 30 days of the order.

11. On August 25, 2011, Plaintiffs filed notice of the proposed terms for attorneys' fees and nontaxable costs.

12. On September 28, 2011, the Court approved Plaintiffs' class action notice and ordered the dissemination of the class action notice to all prospective class members.

13. On or about September 29, 2011, Class Counsel distributed the class action notices to the last known addresses of each person identified by Defendants as being members of the class. Upon receipt of envelopes returned by the United States Postal Service for various class members

who had apparently moved or changed addresses, Class Counsel investigated and obtained new addresses for most of these members and then resent the class action notices. The date for class members to opt out of the class action was December 2, 2011. No Plaintiff submitted paperwork opting out of the class action.

14. On October 25, 2011, the Parties participated in arms-length negotiations at a settlement conference conducted by Magistrate Judge Debra McVicker Lynch in New Albany, Indiana. The conference was held and concluded without settlement.

15. In November 2011, the Parties exchanged Initial Disclosures.

16. On December 12, 2011, the Parties filed an Amended Case Management Plan, which the Court approved on December 21, 2011.

17. In December 2011, Defendants served written discovery requests on Morton and Trapp. Morton and Trapp subsequently served their discovery responses on Defendants in February 2012.

18. In January 2012, Plaintiffs served another round of written discovery requests on Defendants, including production requests, interrogatories, and requests for admissions. Defendants subsequently served their written responses on Plaintiffs.

19. On January 11, 2012, Class Counsel and Morton visited the Jackson County Jail and conducted an inspection of the premises with regard to Plaintiffs' allegations. Defendants' counsel was present.

20. On February 22, 2012, Plaintiffs filed their preliminary witness and exhibit lists.

21. Defendants filed their preliminary witness and exhibit lists on March 23, 2012.

22. Based on their review of the documents and information discovered in this matter,

Class Counsel concluded that Plaintiffs had arguments against Defendants' defenses as they related to the Class. Yet, Class Counsel determined that there may likewise be risk in establishing their claims and the actual damages suffered by Plaintiffs. Class Counsel determined that there was some risk that a jury could find that, even if Plaintiffs could establish Defendants violated their constitutional rights, Defendants caused little or no damages to the Class Members.

23. In March and April 2012, the Parties engaged, in good faith, arms'-length negotiations aimed at resolving Plaintiffs' claims against Defendants, with the assistance of Magistrate Judge McVicker Lynch. These negotiations ultimately led to the settlement agreement that is now before this Court for approval.

24. On June 26, 2012, the Parties consented to the referral of the lawsuit to Magistrate Judge McVicker Lynch.

25. On June 26, 2012, Plaintiffs filed an unopposed motion with the Court requesting that Morton be removed as a class representative; reassigned to the status of class member; and Trapp named as the exclusive class representative. **The Court granted Plaintiffs' motion on June ##, 2012.**

**The Stipulation of Settlement.**

26. The Parties, through their counsel, have negotiated a proposed Stipulation of Settlement (the "Stipulation"), attached hereto as Exhibit A, that, upon approval by the Court, will resolve all issues between Plaintiffs, i.e. the Class, and Defendants relating to Plaintiffs' claims exclusively regarding the strip searches of female inmates at the Jackson County Jail on July 16, 2008, which were or could have been raised in the Complaint, including, but not limited to, claims for compensatory damages, punitive damages, costs, expenses and/or attorneys' fees.

27. Plaintiffs and Defendants ask the Court to approve the Stipulation of Settlement, including Class Counsel's request for attorneys' fees and costs. The Stipulation of Settlement reflects the result of arm's length, good faith negotiations.

28. The proposed settlement reflects the recognition by the Parties that there are significant, complex issues regarding Defendants' potential liability under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the application of Defendants' affirmative defenses to the facts of this case. In that regard, Plaintiffs and Defendants disagree as to whether Defendants are liable to Plaintiffs and whether Plaintiffs suffered any damages as a result of the strip searches on July 16, 2008.

29. To avoid extensive, costly, and protracted litigation over these and other issues, Plaintiffs and Defendants have engaged in substantial negotiations regarding the consensual resolution of this litigation.

30. As a result of these negotiations, Plaintiffs and Defendants wish, with no admission of liability whatsoever by Defendants, to fully and finally settle and compromise any and all charges, claims, demands, actions, or causes of action, known or unknown, which were or could have been alleged in the Complaint relating exclusively to the strip searches of Plaintiffs at the Jackson County Jail on July 16, 2008. The total amount of the settlement agreed upon equals $12,000. The Stipulation provides that Defendants will pay $214.03 to each of the Class Members, including Trapp and Morton; $200.00 each to Morton and Trapp for having served as class representatives; and $4,751.04 to Class Counsel for attorneys' fees and costs. Morton and Trapp initiated this action and have provided information and documents on the strip searches of the female inmates at the Jackson County Jail on July 16, 2008.

31. The Parties have agreed that any monetary proceeds from any settlement check(s) not negotiated after six months, because Class Counsel have been unable to secure service of the check(s) on any individual Class Member, shall be deposited into a *cy pres* fund and donated to Girls, Inc. of Jackson County, 956 North O'Brien Street, Seymour, Indiana 47274.

32. In exchange for making the payments to the Class Members and John H. Haskin & Associates, as described above, the Stipulation also provides that Defendants shall receive a complete and total release from any and all charges, claims, demands, actions or causes of action known or unknown, which were or could have been alleged in the Complaint relating exclusively to the strip searches of the female inmates at the Jackson County Jail on July 16, 2008. This release includes any rights or claims relating specifically to the July 16, 2008 strip searches and/or the effect of the strip searches as alleged in the Complaint arising under, including, but not limited to, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and any other federal, state or local statute, ordinance or regulation. This release is with respect to any relief relating specifically to the July 16, 2008 strip searches and/or the effect of the July 16, 2008 strip searches as alleged in the Complaint including, but not limited to compensatory damages, punitive damages, costs, expenses and attorneys' fees.

33. Plaintiffs represent that the services rendered by Class Counsel included the following: preliminary factual investigation; preparation of the complaint; review of Defendants' answer; investigation of defenses raised by Defendants' answer; preparation and service of interrogatories and production requests; preparation and service of responses to Defendants' interrogatories and production requests; preparation of a motion, supporting declarations, and memorandum of law for class certification and the appointment of class counsel, including necessary

legal research; review of the opposition to the motion for class certification; preparation of the reply to the opposition to the motion for class certification; preparation and service of supplemental interrogatories, production requests, and requests for admissions; review of responses to discovery responses and the documents and other information produced in response; a continuing extensive investigation of the facts; research on issues of law; preparation of a confidential settlement statement; on-site inspection of the Jackson County Jail; negotiation of the settlement; and participation in the preparation of the settlement papers.

34. The Stipulation is, in all respects, fair, reasonable, and adequate to the Class and should be approved. *See* Fed. R. Civ. P. 23(e). Without limiting the generality of the foregoing, the Stipulation provides a certain and immediate recovery for the members of the Class, and takes into account, among other things, the defenses raised by Defendants and the strength of the claims of the Class. Without a settlement, the Class Members would face a lengthy process with an uncertain outcome. Indeed, even if Defendants were ultimately unsuccessful in establishing their defenses, the Class Members might recover little or no damages.

### The Contents of the Class Notices.

35. The Parties submit that the contents of the proposed Notices meet the requirements of Fed. R. Civ. P. 23(e)(1), which states that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Additionally, Fed. R. Civ. P. 23(e)(4) provides that "[i]f the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so." "Whether to require a second opportunity to opt out is within the broad discretion of the trial court." *Pierce v. Novastar*

*Mortgage, Inc.*, 2007 WL 1847216, *3 (W.D. Wash. 2007), *citing Manual for Complex Litigation*, Federal Judicial Center, § 21.632 (4th ed. 2004). Where, as in the present case, Class Members have already been afforded an opportunity to opt-out and informed that they would be bound by any settlement or judgment, courts have concluded a second opt-out period unnecessary when Class Members have an opportunity to object to the proposed settlement. *Id.* The Parties believe that a second opt-out period is not warranted because Class Members have already been afforded the opportunity to opt-out and were notified that they would be bound by any settlement or judgment. Moreover, the Class Members have the opportunity to object to the proposed settlement.

36. The proposed Class Notices, the form of which is attached hereto as Exhibit B, satisfy the requirements of Fed. R. Civ. P. 23(e). The Notices summarize the nature of the pending litigation and the Stipulation's essential terms. The Notices apprise each Class Member, among other things, that complete information regarding the Stipulation is available upon request from Class Counsel or the Clerk's Office, that any Class Member may appear and be heard at the hearing on final approval of the Stipulation, that Class Members may object to the Stipulation and the manner in which to do so, and that the order approving the Stipulation will bind them to its terms. *See* Fed. R. Civ. P. 23(e). In addition, the Notices inform the Class members of the request for the award of attorneys' fees to Class Counsel. *See* Fed. R. Civ. P. 23(h).

37. As to the manner of giving notice, Fed. R. Civ. P. 23(c)(2)(B) provides, in pertinent part, as follows: "For any class certified under Rule 23(b)(3) the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

38. An individual mailing to each Class Member's last known address has been held to

satisfy the "best notice practicable" test. *See Mangone v. First USA Bank*, 206 F.R.D. 222, 231 (S.D. Ill. 2001) (holding that "[n]either Rule 23 or due process require 'receipt of actual notice by all class members;' rather, 'notice should be mailed to the last known addresses of those who can be identified…'"); *In re: A-P-A Transport Corp. Consolidated Litigation*, 2005 WL 3077916, at *8 (D.N.J. 2005) (noting that "[m]any courts have found individual mailings to an individual's last known address to be appropriate.").

39. Service of the Notices by first class mail, postage prepaid, to each member of the Class at the Member's last known address as shown on Defendants' records is the best notice practicable under all the circumstances.

40. The Stipulation provides that Class Counsel will mail the notice by first class mail, postage prepaid, to the last known address of each of the Class Members as reflected in Defendants' records. The Parties propose that the mailing and the fairness hearing be timed so that the Class Members will have no less than 30 days from the date of the mailing to object to the Stipulation and to appear by counsel. The Parties submit that giving notice in this manner will satisfy the best notice practicable test.

41. The Parties propose that Class Counsel be ordered to mail the notice to the class members no later than 10 days after the Court's preliminary approval of the settlement. Any objections by Class Members to the settlement shall be filed with the Court and served on Defendants' counsel and Class Counsel no later than 30 days after mailing of the notice. Any responses by Class Counsel and/or Defendant's counsel to objections filed and served by Class Members to the settlement shall be filed with the Court by no less than 10 days before the fairness hearing. The fairness hearing should be scheduled no earlier than 60 days after the preliminary

approval of the Stipulation.

**WHEREFORE**, the Parties respectfully request that the Court enter the proposed form of order, attached hereto as Exhibit C, (1) preliminarily approving the Stipulation of Settlement including Class Counsel's attorneys' fees; (2) approving the form and manner of the Notices to the Class Members of the right to object to the proposed settlement; (3) scheduling a fairness hearing for the final consideration and approval of the Stipulation of Settlement; and following the fairness hearing enter a further order finally approving the Stipulation of Settlement the Court deems appropriate and necessary.

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| /s/ Bradley L. Wilson | /s/ Stacy K. Newton (w/ permission) |
| John H. Haskin | Stacy K. Newton |
| Bradley L. Wilson | Rudolph Fine Porter & Johnson |
| Meghan U. Lehner | 221 N.W. Fifth Street, Second Floor |
| John H. Haskin & Associates | P O Box 1507 |
| 255 North Alabama Street, 2nd Floor | Evansville, Indiana 47706-1507 |
| Indianapolis, Indiana 46204 | |