UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ELIZABETH TRAPP, et. al., | ) | CLASS ACTION |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 4:10-cv-0053-DML-RLY |
| | ) | |
| JACKSON COUNTY, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

# Order of Final Approval of the Stipulation of Settlement, Including Class Counsel's Fees and Costs

The Court has considered the "Joint Motion for an Order (1) Preliminarily Approving Stipulation of Settlement, Including Class Counsel's Fees; (2) Approving the Form and Manner of Notice to Class Members of the Right to Object to the Proposed Settlement; (3) Scheduling a Fairness Hearing for the Final Consideration and Approval of the Stipulation of Settlement; and (4) Finally Approving the Stipulation of Settlement Following the Fairness Hearing" ("Joint Motion") filed on July 10, 2012, and the "Stipulation and Agreement of Compromise and Settlement" ("Stipulation of Settlement") attached as Exhibit A to the Joint Motion. By order dated July 16, 2012, the Court: (a) granted preliminary approval of the Stipulation of Settlement, including Class Counsel's fees; (b) approved the form of the notice of the proposed settlement and manner of serving notice; and (c) scheduled a hearing for final consideration and approval of the proposed Stipulation of Settlement, that was conducted on October 1, 2012.

The Court conducted the hearing for final consideration and approval of the Stipulation of Settlement on October 1, 2012. At that hearing, Class Counsel represented that, pursuant to the Court's July 16, 2012 order, the Court-approved "Notice of Pendency of Proposed Class Action Settlement, Right to Object to the Proposed Settlement, and Fairness Hearing" ("Notice")

had been timely served on all members of the Class via first class mail. Class Counsel noted that neither Plaintiffs nor Defendant had received any written objection regarding the proposed settlement, nor had any objection been filed with the Court. Additionally, the Court noted that no one had appeared at the fairness hearing to voice an objection to the proposed settlement.

Class Counsel described the nature and extent of the discovery that had been conducted in the case, the strengths and weaknesses of the Plaintiffs= claims, the uncertainty of the outcome, and the arms-length negotiations before, at, and after a settlement conference conducted by Magistrate Judge Debra McVicker Lynch on October 25, 2011. Counsel for Defendant concurred in these representations.

The Court further noted its participation in the settlement conference held on October 25, 2011, and its familiarity with the factual and legal obstacles to recovery.

Finally, with respect to the incentive payment to Ms. Morton provided by the Stipulation of Settlement, the Court noted the proffered evidence that though Ms. Morton was withdrawn as a class representative late in this case at the request of Class Counsel, it was because of a temporary inability to communicate with her. Class Counsel represented that Ms. Morton devoted significant time to the prosecution of the class claims. Under those circumstances, the Court approved the incentive awards provided by the Stipulation of Settlement.

Having considered the Joint Motion, together with its attachments, the Stipulation of Settlement, as well as the arguments proffered and the record in this case, and for the reasons stated on the record at the October 1, 2012 fairness hearing, the Court makes the following findings:

A. The Stipulation of Settlement, attached to the Joint Motion as Exhibit A, is fair, reasonable, and adequate to the Class Members and is in the best interest of the Class Members.

B. The attorneys= fees and expenses of Class Counsel, as provided in the Stipulation of Settlement, are fair and reasonable under the circumstances.

C. Reasonable and adequate Notice of the Proposed Settlement was given to all Class Members prior to the fairness hearing outlining (i) the nature of the class action, (ii) the definition of the class, (iii) the class claims, issues and defenses, and (iv) the essential terms of the proposed settlement. The Notices also provided Class Members (i) with an opportunity to obtain any necessary further information, (ii) apprised them of the right to object to the proposed settlement and the procedure and deadline for exercising that right, (iii) the right to appear by counsel, (iv) the date of the hearing for the Court=s final approval of the settlement and (v) the binding effect of the settlement on the Class.

D. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is GRANTED in all respects, to the extent not previously granted pursuant to the Court=s July 16, 2012 order.

2. The Stipulation of Settlement, including Class Counsel=s fees as provided in the Stipulation of Settlement, is finally approved.

So ORDERED.

Dated: 10/16/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record